**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
TIMOTHY MCKINSTRY, CARLTON HEDGESPETH,
ROBERT HUDGINS, JR., PATRICA HUDGINS,
and, BRANDON WARD.                                       **COMPLAINT**

                  Plaintiffs,                       **JURY TRIAL DEMANDED**.

   -   against –                   CV 12   INDEX NO.   6019
                                      " ECF"

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
MATTHEW VORRARO, TAX ID NO. 939668,              BLOCK, J.
In his individual and official capacity,
POLICE OFFICERS, CABE , IN HIS INDIVIDUAL
AND OFFFICIAL CAPACITY,  SGT. DERRICK MILLIGAN,     LEVY, M.J.
BADGE NO. 4735, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER, CAPTAIN  JAMES FEY, TAX ID NO. 895436,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER ,SGT  GREG VALLERUGO,BADGE NO. 2315,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER , JAMES ZOZZARO, BADGE NO. 28340,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER JERONNIE GLANVILLE, BADGE NO. 7529,
AND JOHN DOES  1-5,  in their individual and official capacity,
who are known by name to the Respondents but as of yet are not fully known to the Claimants.

                         Defendants,
_____X

       Plaintiffs by their Attorney, **WELTON K. WISHAM**, of **THE LAW OFFICES OF**

**WELTON K. WISHAM**, respectfully alleges upon information and belief, as follows as their

complaint:

### JURISDICTIONAL STATEMENTS

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, and 28

U.S.C. Section 1367, and under 42 U.S.C Section 1983, and 28 U.S.C. Section 1988.

1

This action arises under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New York and under the common law of the State of New York.  Plaintiffs requests that this Court exercise Pendent jurisdiction over those State law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

## PRELIMINARY STATEMENT

2.  This is an action seeking to redress the derivations by the defendants of plaintiffs' Constitutional Rights arising under, and secured to the plaintiffs by the Constitution of the United States, and laws of the State of New York.

3.  The Defendants named herein, who at the time of their unlawful entrance onto, inside of, and throughout the plaintiffs' residence located at 104-11 199th street, Queens, New York, on May18, 2012, are believed to be members of the New York City Police Department's, tactical enforcement squad, who knowingly and willfully engaged in a secretive, illegal, and covert operation, by deploying several members of the New York City Police Department into the plaintiffs' personal, and private residence located at 104-11 199th street, Queens, New York without a valid search warrant as demanded by the Fourth Amendment to the Constitution of the United States.

4.  The defendant officers named herein, based upon information and belief, are believed to be the police officers who participated in the unlawful entrance, raid, search, seizure, arrest, false imprisonment, false imprisonment, assault, intentional infliction of emotional distress, and mental anguish of the plaintiffs , without legal justification, and or without probable cause.

5.  The defendants raided the plaintiff's home without a valid search warrant and without plaintiff's consent, and began to conduct an unlawful search throughout plaintiffs' residence.

2

6. The defendants destroyed and damaged plaintiff's personal property and deliberately smashed a huge whole in a wall of an upstairs bedroom occupied by one of the plaintiffs.

7. The defendants also willfully, and knowingly, destroyed a fan which was attached to the ceiling of the plaintiff's residence while conducting an illegal search of the residence occupied by the plaintiffs.

8. That the defendant officers entered the plaintiffs' residence with automatic weapons and placed their weapons directly into the face of the plaintiffs causing each plaintiff to fear for their lives.

9. That the defendant police officers arrested Brandon Ward, Carlton Hedgespeth, Robert Hudgins Jr., and Timothy McKinstry without probable cause and without an arrest warrant on May 18, 2012, during the defendants unlawful invasion into plaintiffs residence.

10. That Plaintiffs Timothy McKinstry, Carlton Hedgespeth, Robert Hudgins Jr., and Brandon Ward were unlawfully arrested and held in custody for several hours and released.

11. That no charges were filed against plaintiffs, **Carlton Hedgespeth**, **Robert Hudgins Jr.**, and **Timothy McKinstry**.

12. That Brandon Ward was unlawfully searched, seized, arrested, incarcerated, and prosecuted and charged with violating Penal Law: AC 10-131-I-3, (a non arrestable offense) and Unlawful possession of Marihuana under Penal Law Section 221.05.

13. That defendant police officer Matthew Vorraro, stated in the Misdemeanor Information which he caused to be filed against Plaintiff Ward, that on or about May 18, 2012 at approximately 9:40 am, that he (Vorraro), was inside the residence of 114-11 199th street, County of Queens, State of New York, and that such address was the residential address of

3

Brandon Ward. In fact, the defendants arrested the plaintiffs inside of 104-11 199th street, Queens, New York.

14. That officer Matthew upon information and belief indicated that he had obtained a search warrant issued by Judge J. Yavinsky of the Queens County Criminal Court to execute the warrant on 114-11 199 street, Queens New York.

15. That upon information and belief, the officers involved and named herein were not authorized to conduct the search of the plaintiffs residence located at 104-11 199th Street, Queens, New York.

16. Plaintiffs were held against their will by the defendant officers who had their automatic weapons drawn, and pointed into the face of the Plaintiffs while the plaintiffs were asleep.

17. That plaintiffs' did not consent to the search of their residence for which Plaintiffs had a reasonable expectation of privacy.

18. That the defendant police officers imprisoned, harassed, and caused embarrassment to the plaintiffs without legal justification.

19. Plaintiff alleges that the City of New York is liable for the wrongful acts committed by the defendants against the plaintiffs due to the failure of the City of New York to properly train, supervise, or discipline the officers in the type of law enforcement which led to the unlawful search, seizure, arrest, harassment and destruction of property owned by the plaintiffs.

20. That plaintiff Robert Hudgins was lying down in his bed when one of the defendant officers pointed a shotgun in his face and ordered plaintiff out of his bed, and to place his hands behind his back.

21. Mr. Hudgins was told to "shut the fuck up" when asked why are you doing this to me!?

22. Mr. Hudgins was placed under arrest and taken to jail at the 113th police precinct where he was held and released after a period of approximately three hours, and without appearance in front of a judicial body.

23. Mr. Hudgins was falsely arrested, assaulted, and held in confinement without legal, justification or probable cause.

24. Mr. Hudgins had not violated any law at the time of his arrest. He was made to suffer emotional pain, and stress, due to his unlawful arrest, and incarceration.

25. That plaintiff Timothy McKinstry was sleeping in his bed when he heard noises coming from downstairs inside his residence 104-11 199th Street, Queens, New York.

26. Mr. McKinstry observed several police officers in uniform with their guns drawn, running up the stairs, yelling, and shouting to" **shut the fuck up**" and " place your hands behind your back"!

27. That one of the defendant officers pointed a shotgun into the face of plaintiff McKinstry causing Plaintiff McKinstry to fear for his life.

28. That Mr. McKinstry had not violated any law at the time of his unlawful arrest on May 18, 2012.

29. That Mr. McKinstry was placed in handcuffs, arrested, incarcerated, and taken to the 113th police precinct where he was held for several hours without legal justification including lack of probable cause.

30. That plaintiff Timothy McKinstry was held against his will by the defendants for approximately 24 hours without being formally charged.

31. That McKinstry was taken to central booking on Queens Blvd and accused of criminal weapons possession. Claimant was booked, photographed, fingerprinted and placed in a jail cell without probable cause or legal justification.

32.   That Mr. McKinstry requested and was denied his medication for HIV and that the defendant officers ignored his repeated requests for such medication which was denied by the defendants who refused to treat Ministry's medical condition during his period of incarceration

33.   That no charges were filed against Plaintiff Timothy McKinstry.

34.   That plaintiff McKinstry suffers emotional, and agony, caused by the unlawful conduct of the defendant police officers, and the City of New York.

35.   That the defendants were part of a "SWAT" team who stormed into the plaintiffs' private residence without a valid search warrant and without consent.

36.   That the defendant police officers commandeered and ransacked the plaintiffs residence and willfully, and deliberately, engaged in a plan to destroy the personal property of the plaintiffs without probable cause or legal justification.

37.   Plaintiff Mrs. Patrica Hudgins was victimized by the defendant police officers' unlawful intrusion into her home without consent and without a valid search warrant.

38.   Mrs. Hudgins was assaulted by the defendant officers who pointed a gun believed to be an automatic weapon directly into plaintiff Hudgins' face, without legal justification.

39.   That plaintiff Patrica Hudgins was seized by the defendants, and held against her will under threat of the defendant police officers who stormed into her home with guns drawn and without cause, justification or consent.

40.   That Mrs. Hudgins was told to "shut up and sit down" when she asked the defendant police officers " what are you doing in my home?

41. Mrs. Hudgins was born on June 15, 1944. Plaintiff Patrica Hudgins was not arrested during this incident. None of the Plaintiffs named herein gave consent or otherwise extended an invitation to enter the Plaintiff's residence ,nor did plaintiffs consent to allow defendants to search, and wander at will throughout plaintiffs entire dwelling.

42. That plaintiff Patrica Hudgins was threatened by one of the defendant officers who held a gun and pointed it in her face during the unlawful search of her private residence.

43. Mrs. Hudgins was made to fear for her life as a result of the defendant's unlawful intrusion into her residence located at 104-11 199th Street, Queens, New York.

44. Mrs. Hudgins was caused to suffer emotional stress due to the incident described herein which was deliberately and wantonly caused by the defendant police officers.

45. That Mrs. Hudgins posed no threat to any of the defendant officers, nor was she involved in any form of criminal activity on May 18, 2012.

## VENUE

46. Under 28 U.S.C. Sec. 1391(b), venue is proper in the Eastern District of New York because the events giving rise to the plaintiffs' claims occurred in that District.

## PARTIES

47. At all times hereinafter mentioned in this complaint, Plaintiffs Timothy McKinstry, Carlton Hedgespeth, Robert Hudgins, Jr., and Patrica Hudgins, and Brandon Ward, are citizens of the United States of America residing at 104-11 199th Street, Queens, New York.

48. That defendant Police Officers Matthew Vorraro, Cabe, Sgt. Derrick Milligan, Captain James Fey, Sargent Greg Vallerugo, James Zozzaro, and police officer Jeronnie Glanville, at all times relevant herein, were duly appointed and acting employees of the New York City Police Department.

7

49.  That the defendant officers named herein, are current members of the New York City Police Department assigned to the 113th police precinct located in Queens, New York.

50.  That defendants John Does 1-5 are believed to be members of the New York City Police Department assigned to the113th police precinct and who are employed by the City of New York.

51.  That the individual defendants involved in the incident underlying this lawsuit were at all times mentioned in this complaint, agents, servants and employees acting within the scope of their employment by Defendant City of New York, and were duly appointed police officers in the New York City Police Department acting within their individual and official capacity and under color of law, that is under color of law of the Constitution, statutes, laws, charter, ordinances, rules, regulations, custom and usages of the State of New York, and the City of New York.

52.  That the Defendant City of New York, is a municipal corporation within the State of New York. Pursuant to Section 431 of its Charter, the City of New York has established and maintains the New York City Police Department as a constituent department or agency.

53.  That at all times relevant hereto, the City of New York employed the defendant Police Officers involved in this incident.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF TIMOTHY
MCKINSTRY, CARLTON HEDGESPETH, ROBERT HUDGINS JR., PATRICA
HUDGINS, AND BRANDON WARD, AGAINST DEFENDANTS FOR VIOLATING
PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FOURTH AMENDMENT
TO THE CONSTITUTION OF THE UNITED STATES  AND UNDER THE
CONSTUTION OF THE STATE OF NEW YORK ARTICLE 1 SECTION 12.**

54.  That the plaintiff repeats, reiterates and realleges each and every allegation contained in

Paragraphs Numbered"1 through "53' with the same force and effect as though more fully set

forth at length herein.

55.  That defendants violated plaintiffs right to be secure in their persons, houses, papers and

effects, against unreasonable searches and seizure and that no Warrant shall issue without

probable cause supported by Oath or affirmation and particularly describing the place to be

searched and the persons or things to be seized.

56.  Plaintiffs were made to fear for their lives as a direct and proximate cause of defendant's

wrongful and unconstitutional actions described and set forth herein.

57.  That plaintiffs suffered emotional pain and suffering, humiliation, and degradation, due to

the defendant's police officers illegal entry and invasion of the plaintiffs, residence without a

valid search warrant and without probable cause or legal justification.

58.  That the defendants, their agents, servants and, or employees, intentionally, and without

legal justification, including lack of probable cause, unlawfully and unreasonably searched, the

plaintiffs residence.

59.  That the defendants, their agents, servants and, or employees, intentionally, and without

legal justification, including lack of probable cause, unlawfully, and unreasonably seized the

plaintiffs during the defendants' raid and unlawful entry into the plaintiffs, residence.

60.   That the defendant police officers named herein, arrested, imprisoned, and incarcerated plaintiffs, **Timothy McKinstry, Carlton Hedgespeth, Robert Hudgins JR, and Brandon Ward,** without probable cause to believe that such plaintiffs' had engaged in any criminal activity at the time of their arrest.

61.   That plaintiffs were handcuffed, searched, assaulted, and subjected to humiliation and personal degradation, and abuse, during the course of their arrest, and were made to suffer emotional distress, trauma, embarrassment, ridicule, scorn, and depravation of their civil rights caused by the defendant's police officers.

62.   That the invasion into the plaintiff's home without a warrant, and without plaintiff's consent, constituted a malicious act, and was wanton, and reckless degradation of the plaintiff's liberty and due process of law, without legal justification or cause.

### AS AND FOR A SECOND CLAIM  FOR RELIEF ON BEHALF OF THE PLAINTIFFS FOR NEGLIGENCE AGAINST THE CITY OF NEW YORK  UNDER 42 U.S.C. SECTION 1983, DUE TO DEFENDANTS' FAILURE TO SUPERVISE, TRAIN, OR DISCIPLINE DEFENDANT POLICE OFFICERS.

63.  That the plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered"1 through "62", with the same force and effect as though more fully set forth    at length herein.

64.   That at all times herein mentioned the defendant police officers involved in the incident complained of herein were negligently hired, trained, and or supervised, and retained by the defendant, City of New York.

65.  That the acts complained of herein resulted from the defendant City of New York, and the New York City Police Department, through their agents, servants and employees, breaching its duty to properly assign, train, supervise or discipline its laws enforcement personnel, including

assigning, training, supervising or disciplining individual Police personnel namely the defendant police officers identified herein, who unlawfully searched, seized ,arrested, detained, assaulted, imprisoned, abused and humiliated the plaintiffs without probable cause or legal justification.

66. This action is brought pursuant to 42 U.S.C.A. Section 1983.

67. That the defendant City of New York , failure to properly assign, train, supervise or discipline its police officers including the police officers involved in this incident herein, constitutes acquiescence, a tolerance, of ongoing unconstitutional arrests, detentions, searches and seizures, without warrant, issued upon oath and affirmation, which allowed the defendants to believe that they could violate plaintiffs' constitutional rights with impunity.

68.  By reason of the foregoing, the individual defendants individually and through defendant's agents, servants and employees, failed, and refused to use such care in the performance of their duties as a reasonably prudent law enforcement employees would have used under similar circumstances thus resulting in significant emotional injuries to the plaintiff as well as plaintiffs' loss of liberty.

69.  As a consequence thereof, the Plaintiffs have  been severely injured.

70.  That the failure of the Mayor of the City of New York, and the New York City Police Commissioner to adequately train, supervise or discipline or in any other way control the behavior of the defendant police officers in the exercise of their police functions and their failure to enforce the laws of the State of New York and the regulations of the City of  New York City police Department, is evidence of the reckless lack of cautious disregard for the rights of the public including the plaintiffs.

71. That such conduct or lack thereof exhibited a lack of the that degree of due care which a reasonable and prudent individual would have shown in executing the duties of the Mayor and the Police Commissioner.

72. That the failure of the Mayor of the City of New York and the New York City Police Commissioner to adequately train, supervise, discipline or in any other way to control the defendants in the exercise of their police functions, including obtaining search warrant particularly describing the place to be searched and the persons or things to be seized, and their failure to enforce to laws of the State of New York and the regulations of the City of New York Police Department was the proximate cause of the plaintiff's injuries.

### AS AND FOR A THIRD CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS FOR FALSE ARREST UNDER NEW YORK STATE LAW AND UNDER 42. U.S.C. SECTION 1983.

73. That Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1 through "72", with the same force and effect as though more fully set forth at length herein.

74. That by reason of the foregoing, the Plaintiffs were intentionally confined by the defendant police officers for an extended period of time and held in a jail cell under the custody and control of the City of York, and the New York City Police Department, without reasonable, or probable cause, or legal justification.

75. Plaintiffs' detention was without privilege to cause the confinement.

76. Plaintiff did not consent to their detention and or confinement.

77. That the plaintiffs were conscious at all times of their confinement.

78. As a consequence thereof, Plaintiffs were substantially harmed and injured.

79. This action is being brought pursuant to 42. U.S.C. Section 1983 based on the Fourth

Amendment right to be free from unreasonable seizures, including arrest without probable cause.

## AS AND FOR A FOURTH CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS AGAISNT THE DEFENDANTS FOR FALSE IMPRISONMENT.

80. That Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs "1 through 79", with the same force and effect as though more fully set forth at length herein.

81. By reason of the foregoing, the Plaintiffs were intentionally confined without privilege or probable cause to believe that a crime had been committed.

82. That Plaintiffs were aware of and did not consent to their confinement.

83. Plaintiffs were thereby falsely arrested and detained and imprisoned by defendants' police officers and the City of New York and the New York City Police Department.

84. As a direct and proximate result of the above described unlawful and malicious acts of the defendant police officers, all committed under color of their authority as police officers and while acting in that capacity, Plaintiff sustained injuries and suffered emotional damages all of which resulted in violation of plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof.

85. This action is brought pursuant to 42. U.S.C Section 1983 which holds that the defendants' action caused the deprivation of the plaintiff's liberty under the Constitution of the United States.

## AS AND FOR A FIFTH CLAIM ON BEHALF OF THE PLAINTIFFS AGAINST THE DEFENDANT POLICE OFFICERS FOR ASSAULT

86. The Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "85" with the same force and effect as though more fully set forth at length herein.

13

87. That the defendant police officers, acting as agents, and on behalf of the defendant City of New York, within the scope of their employment, willfully, intentionally, and maliciously, assaulted plaintiffs by causing the plaintiff to fear for his lives by the threat of being shot with semi-automatic weapons pointed into the face of each plaintff during an illegal search of Plaintiff's residence and without probable cause or legal justification.

88. That the Plaintiffs were intentionally placed in apprehension of fear, and imminent, harmful, and offensive contact by defendant police officers without legal justification.

89. As direct and proximate result of the defendant officers' conduct, Plaintiffs were greatly humiliated, embarrassed, and injured, and have been caused to suffer great pain and suffering and mental anguish.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR VIOLATING PLAINTIFF'S RIGHTS UNDER THE FOURTEENTH AMEMDMENT TO THE UNITED STATES CONSTITUTION

90. That Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs "1 through 89", with the same force and effect as though more fully set forth at length here herein.

91. That the Defendants have employed a gross abuse of power, unfair procedures and gross violation of plaintiffs' right to free from the depravation of liberty and property without due process of law.

92. As direct and proximate result of the defendant officers' conduct, Plaintiffs were greatly humiliated, embarrassed, and injured, and have been caused to suffer great pain and suffering and mental anguish.

**AS AND FOR A SIXTH CAUSE OF ACTION  ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT FOR THE FAILURE  TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS.**

93.   That the Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1 through 92", with the same force and effect as though more fully set forth at length herein.

94.  That Defendant police officer Captain Fey, upon information and belief was the Commanding officer who supervised the defendant officers that entered plaintiffs' residence without a valid search warrant and without consent of the plaintiffs.

95.  That the Commanding officer failed to intervene to prevent the constitutional violations or to remedy the wrongful action of defendant police officers.

96.  That the defendant Commanding police officer was grossly negligent in his supervision of defendant police officers.

97.   That the defendant Commanding officer had an opportunity to prevent the abuse suffered by the Plaintiffs and failed to do so.

98.   That the defendant Commanding officer was deliberately indifferent to the Plaintiffs' constitutional rights which were violated by the officers named herein.

99.   That the defendant officers where all operating under the direction and control of their Commanding officer, Captain Fey.

**AS AND FOR PLAINTIFFS' EIGHTH CLAIM FOR RELIEF  FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

100.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraphs "1-99", with the same force and effect as though more fully set forth at length herein.

15

101. That the defendants police officers, did engage in outrageous conduct which was intended to inflict emotional trauma on the plaintiffs by entering plaintiffs home with weapons drawn and pointed in the faces of the Plaintiffs while they were sleeping, and deliberately destroying plaintiffs' personal effects during and unlawful search without a valid search warrant, and, without cause, privilege, or legal justification.

102. That by reasons of the foregoing, plaintiffs have been caused to be injured by the direct actions of the defendants.

103. That heretofore and on or about August,7, 2012, and within ninety days after the cause of action herein accrued, there was served upon the City of New York a verified Notice of Claim, which set forth the nature of this claim herein, including the time and place where the incident occurred, and the nature of and extent of the injuries sustained by the plaintiff.

104. Said Verified Notice of Claim was duly served upon the defendants within ninety days after the occurrence of said incident as set forth herein.

105. That defendants failed to make payment to defendant upon demand.

**WHEREFORE,** the plaintiffs respectfully demand the following judgment and relief jointly and severally against all the defendants:

1. Compensatory damages in the amount this Court shall consider to be fair, reasonable and just.

2. By reason of the wanton, willful and malicious character of the conduct complained of herein, Plaintiffs seeks punitive damages against the defendant New York City Police officers in their individual capacity, an amount this Court deems to be fair, reasonable, and just.

3. An award to plaintiff for the costs and disbursements of this action.

4. An award of attorney fees under 42 U.S.C. Section 1988.

5.  Such other and further relief as this Court may deem just and proper.


Dated:  Bronx, New York
        November 6, 2012


By _____
   Welton K. Wisham, Esq, (8674)  (LWW 8674)
The LAW OFFICES OF WELTON K. WISHAM
24 Metropolitan Oval, Suite 7C
Bronx, New York 10462
(718) 597-3758 Office
(718) 678-8062   Fax
Attorney for the Plaintiffs

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TIMOTHY MCKINSTRY, CARLTON HEDGESPETH,
ROBERT HUDGINS, JR., PATRICA HUDGINS,
and, BRANDON WARD.

                         Plaintiffs,                                 **AFFIDAVIT**

    -   against –                                 **Individual Verification**

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
MATTHEW VORRARO, TAX ID NO. 939668,
In his individual and official capacity,
 POLICE OFFICERS, CABE  , IN HIS INDIVIDUAL
AND OFFFICIAL CAPACITY,  SGT.  DERRICK MILLIGAN,
BADGE NO. 4735, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER, CAPTAIN  JAMES FEY, TAX ID NO. 895436,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER ,SGT  GREG VALLERUGO,BADGE NO. 2315,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER , JAMES ZOZZARO, BADGE NO. 28340,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER JERONNIE GLANVILLE, BADGE NO. 7529,
AND JOHN DOES  1-5,  in their individual and official capacity,
who are known by name to the Respondents but as of yet are not
fully known to the Plaintiffs.
                        Defendants,
-----------------------------------------------------------------X

STATE OF NEW YORK
COUNTY OF QUEENS, NEW YORK

    I, **PATRICA HUDGINS,** duly sworn, deposes and says under penalty of perjury that:
    Deponent is the Plaintiff in the within action, that she has read the foregoing Summons and
Complaint, and knows the contents thereof ; that the same is true to deponent's own knowledge,
except as to those matters therein stated to be alleged on information and belief, and that as to
those matters deponent believes them to be true.

                                                    **PATRICA HUDGINS**

Sworn to before me
This _15_ th day of November, 2012

**NOTARY PUBLIC**

WELTON K. WISHAM, ESQ.
Notary Public, State of New York
No. 02WI6093438
Qualified in Bronx County
Commission Expires _11-23-2013_

_02WI6213960_

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
TIMOTHY MCKINSTRY, CARLTON HEDGESPETH,
ROBERT HUDGINS, JR., PATRICA HUDGINS,
and, BRANDON WARD.

                    Plaintiffs,

    -   against –

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
MATTHEW VORRARO, TAX ID NO. 939668,
In his individual and official capacity,
 POLICE OFFICERS, CABE  , IN HIS INDIVIDUAL
AND OFFFICIAL CAPACITY,  SGT.  DERRICK MILLIGAN,
BADGE NO. 4735, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER, CAPTAIN  JAMES FEY, TAX ID NO. 895436,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER ,SGT  GREG VALLERUGO,BADGE NO. 2315,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER , JAMES ZOZZARO, BADGE NO. 28340,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER JERONNIE GLANVILLE, BADGE NO. 7529,
AND JOHN DOES  1-5,  in their individual and official capacity,
who are known by name to the Respondents but as of yet are not
fully known to the Plaintiffs.
                  Defendants,
-------------------------------------------------------------X

                           **AFFIDAVIT**

          Individual Verification

STATE OF NEW YORK
COUNTY OF QUEENS, NEW YORK

    I, **TIMOTHY MCKINSTRY,** duly sworn, deposes and says under penalty of perjury that:
Deponent is the Plaintiff in the within action, that she has read the foregoing Summons and
Complaint, and knows the contents thereof ; that the same is true to deponent's own knowledge,
except as to those matters therein stated to be alleged on information and belief, and that as to
those matters deponent believes them to be true.

                                    **TIMOTHY MCKINSTRY**

Sworn to before me
This _15_ th day of  November, 2012

**NOTARY PUBLIC**

WELTON K. WISHAM, ESQ.
Notary Public, State of New York
No. 02WI6093456
Qualified in Bronx County
Commission Expires 11-23-2013

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
TIMOTHY MCKINSTRY, **CARLTON HEDGESPETH,**
ROBERT HUDGINS, JR., PATRICA HUDGINS,
and, BRANDON WARD.

                    Plaintiffs,

                                                             **AFFIDAVIT**

      -    against –

                                                             Individual Verification

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
MATTHEW VORRARO, TAX ID NO. 939668,
In his individual and official capacity,
POLICE OFFICERS, CABE , IN HIS INDIVIDUAL
AND OFFFICIAL CAPACITY, SGT. DERRICK MILLIGAN,
BADGE NO. 4735, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER, CAPTAIN JAMES FEY, TAX ID NO. 895436,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER ,SGT GREG VALLERUGO,BADGE NO. 2315,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER , JAMES ZOZZARO, BADGE NO. 28340,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER JERONNIE GLANVILLE, BADGE NO. 7529,
AND JOHN DOES 1-5, in their individual and official capacity,
who are known by name to the Respondents but as of yet are not
fully known to the Plaintiffs.
                    Defendants,
--------------------------------------------------------------X

STATE OF NEW YORK
COUNTY OF QUEENS, NEW YORK

      I, CARLTON HEDGESPETH, duly sworn, deposes and says under penalty of perjury that:
Deponent is the Plaintiff in the within action, that she has read the foregoing Summons and
Complaint, and knows the contents thereof ; that the same is true to deponent's own knowledge,
except as to those matters therein stated to be alleged on information and belief, and that as to
those matters deponent believes them to be true.

                                                   *Carlton Hedgespeth*
                                                   **CARLTON HEDGESPETH**

Sworn to before me
This            th day of November, 2012
_____, ESq
**NOTARY PUBLIC**

WELTON K. WISHAM, ESQ
Notary Public, State of New York
No. 02WI6213960
Qualified in Bronx County
Commission Expires 11-23-2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TIMOTHY MCKINSTRY, CARLTON HEDGESPETH,
ROBERT HUDGINS, JR., PATRICA HUDGINS,
and, BRANDON WARD.

                          Plaintiffs,                                **AFFIDAVIT**

   -   against –

                                              Individual Verification

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
MATTHEW VORRARO, TAX ID NO. 939668,
In his individual and official capacity,
POLICE OFFICERS, CABE , IN HIS INDIVIDUAL
AND OFFFICIAL CAPACITY,  SGT.  DERRICK MILLIGAN,
BADGE NO. 4735, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER, CAPTAIN  JAMES FEY, TAX ID NO. 895436,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER ,SGT  GREG VALLERUGO,BADGE NO. 2315,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER , JAMES ZOZZARO, BADGE NO. 28340,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER JERONNIE GLANVILLE, BADGE NO. 7529,
AND JOHN DOES  1-5,  in their individual and official capacity,
who are known by name to the Respondents but as of yet are not
fully known to the Plaintiffs.
                        Defendants,
                                         X
_____

STATE OF NEW YORK
COUNTY OF QUEENS, NEW YORK

     I, **ROBERT HUDGINS JR**, duly sworn, deposes and says under penalty of perjury that:
    Deponent is the Plaintiff in the within action, that she has read the foregoing Summons and
Complaint, and knows the contents thereof ; that the same is true to deponent's own knowledge,
except as to those matters therein stated to be alleged on information and belief, and that as to
those matters deponent believes them to be true.

                                              *Robert Hudgins Jr*
                                       **ROBERT HUDGINS JR.**

Sworn to before me
This  15   th day of November, 2012
_____  *P59*
**NOTARY PUBLIC**

WELTON K. WISHAM, ESQ.
Notary Public, State of New York
No. 02WI6213960
Qualified in Bronx County
Commission Expires  11-23-2013
02WI 6213960

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
TIMOTHY MCKINSTRY, CARLTON HEDGESPETH,
ROBERT HUDGINS, JR., PATRICA HUDGINS,
and, BRANDON WARD.

                   Plaintiffs,

     -   against –

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
MATTHEW VORRARO, TAX ID NO. 939668,
In his individual and official capacity,
POLICE OFFICERS, CABE , IN HIS INDIVIDUAL
AND OFFFICIAL CAPACITY,  SGT.  DERRICK MILLIGAN,
BADGE NO. 4735, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER, CAPTAIN  JAMES FEY, TAX ID NO. 895436,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER ,SGT  GREG VALLERUGO,BADGE NO. 2315,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER , JAMES ZOZZARO, BADGE NO. 28340,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,
POLICE OFFICER JERONNIE GLANVILLE, BADGE NO. 7529,
AND JOHN DOES  1-5,  in their individual and official capacity,
who are known by name to the Respondents but as of yet are not
fully known to the Plaintiffs.
                  Defendants,
                                    X

                      **AFFIDAVIT**

         Individual Verification

STATE OF NEW YORK
COUNTY OF QUEENS, NEW YORK

    I, **BRANDON WARD** duly sworn, deposes and says under penalty of perjury that:
    Deponent is the Plaintiff in the within action, that she has read the foregoing Summons and
Complaint, and knows the contents thereof ; that the same is true to deponent's own knowledge,
except as to those matters therein stated to be alleged on information and belief, and that as to
those matters deponent believes them to be true.

                           *Brandon Ward*
                           **BRANDON WARD**

Sworn to before me
This ___15___ th day of  November, 2012
_____. Esq.
**NOTARY PUBLIC**

WELTON K. WISHAM, ESQ.
Notary Public, State of New York
No. 02WI6213960
Qualified in Bronx County
Commission Expires 11-23-2013